UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
April 08, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Steven Long, § § § Plaintiff, § § versus § § Dearborn National Life Insurance § Company, § § Defendant. § | Civil Action H-20-1783 |

## Opinion on Dismissal

1. *Background.*

Steven Long was a registered nurse for the University of Texas Medical Branch at Galveston. Through his job, he had a long-term disability plan with Dearborn National Life Insurance Company.

On May 2, 2016, Long stopped working because of various back and spine issues.

From July 31, 2016, through July 30, 2018, Long got his initial short-term benefits under the policy.

On December 10, 2018, Dearborn denied Long's long-term benefits because it believed that Long had not given sufficient evidence to show that he could not do sedentary work. Long appealed.

On September 19, 2019, Dearborn denied Long's appeal saying again that his evidence was insufficient.

On April 22, 2020, Long sued for: (a) breach of contract, (b) breach of the duty of good faith and fair dealing, (c) violating the Texas Insurance code, and (d) violating the Deceptive Trade Practices Act. Dearborn has moved to dismiss for failure to state a claim. Dearborn will prevail.

2. *Breach of Contract.*

To state a claim for breach of contract, Long must have adequately pleaded facts of: (a) a valid contract, (b) Long performing his obligations, (c) Dearborn breaching the contract, and (d) the breach damaging him.

Long says that he complied with the policy, and that Dearborn did not pay him what he was owed. He claims that Dearborn did an incomplete investigations when it: (a) did not do additional tests its own consultant recommended, and (b) disregarded his functional capacity evaluation and his doctor's notes and opinions. It instead relied on its file review consultants' opinions. Long asserts that this was "all the evidence necessary to establish [his] entitlement to benefits."

Long has pleaded largely vague conclusions and statutory language. He has pleaded no facts of how Dearborn breached the policy. He must give more than his disagreement with Dearborn's conclusions. This is a case where two sides looked at the available data and came to different answers. Long has pleaded no facts to suggest otherwise.

Long's claim that Dearborn did not do the tests its own consultant recommended contradicts the facts. As pleaded by Long, the consultant said that Dearborn "may consider an independent eval[ualtion] ... if further clarification of his capacity is needed." Dearborn decided that clarfication was not needed, so it did not do another evaluation. Long's twisting of the facts do not state a claim.

Long also asserts that Dearborn's investigation was incomplete because it used University Disability Consortium – who is "known for providing biased and insurer-friendly opinions."[1] Attempting to plead with a conclusion from a 12-year-old case from another district – without a single fact to compare – is inadequate.

Because Long has not adequately pleaded facts of a breach by Dearborn, his breach of contract claim fails.

---

[1] *Piper v. Cont'l Cas. Co.*, 2009 WL 10708793, at *5 (D. Nev. Sept. 18, 2009).

3. *Extra-Contractual Claims.*

Because he has not adequately pleaded a breach of the policy, Long's extra-contractual claims for bad faith, the Texas Insurance Code, and DTPA also fail as a matter of law. These claims are over-pleaded. This case is a dispute over the application of a policy to Long's known medical condition. He has pleaded no facts to show bad faith or fraudulent acts. Merely that he disagrees with Dearborn's medical conclusions is insufficient to plead malfeasance.

4. *Conclusion.*

Steven Long's claims against Dearborn National Life Insurance Company will be dismissed.

Signed on April 8, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge